IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-HC-2096-FL

| | | |
|---|---|---|
| DAVID E. SIMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANGELA DUNBAR, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to dismiss, or in the alternative, for summary judgment[1] (DE # 6) pursuant to Federal Rule of Civil Procedure 56 of respondent Angela Dunbar ("respondent"). The matter was fully briefed. Also before the court is petitioner's motion for an order to show cause (DE # 3), motion to appoint counsel (DE # 13), motion "to dismiss respondent's reply" (DE # 14), and petition for a writ of mandamus (DE # 14). Respondent did not respond to petitioner's motions. In this posture, these matters are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's motions.

**STATEMENT OF THE CASE**

The undisputed facts are as follows. On October 17, 2003, in the United States District Court for the Western District of North Carolina, petitioner was convicted of conspiracy to commit credit card fraud, aiding and abetting in bank fraud, and aiding and abetting in money laundering. United

---

[1] Because respondent attached matters that are outside of the pleadings, the court construes respondent's motion as a motion for summary judgment.

States v. Simpson, No. 5:02-CR-43-RLV (W.D.N.C. Nov. 3, 2000); Farr Aff.[2] ¶ 6, and attach. 7. Petitioner was sentenced to a term of seventy-eight (78) months imprisonment, followed by a three-year term of supervised release. Id. Petitioner served his federal term of imprisonment, and his supervised release commenced on June 4, 2007. Farr Aff. ¶ 6, and attach. 7.

On July 22, 2007, petitioner was arrested and charged with several state crimes, including: (1) assault; (2) possession of stolen goods; and (3) resisting an officer. Id. ¶ 7. On August 13, 2007, the United States Marshal issued a detainer to the Union County Jail, requesting that it be notified prior to petitioner's release from custody. Pet. for Writ of Mandamus Ex. A. On March 24, 2008, petitioner, while still in state custody, was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*. Farr Aff. ¶ 8.

On July 2, 2008, a federal judge in the United States District Court for the Western District of North Carolina revoked petitioner's supervised release and sentenced him to a term of thirty-six (36) months imprisonment. Id. ¶ 9. The federal judgment was silent as to how the federal sentence was to run with respect to any other federal or state sentence. Id., and attach. 4. On July 15, 2008, petitioner was returned to North Carolina State custody. Id., and attach. 3, p. 4.

On February 4, 2011, the Union County Superior Court sentenced petitioner to a four year, one month, and twenty-five (25) day sentence for possessing stolen goods, resisting a public officer, and assaulting a law enforcement officer. Id. ¶ 10. The superior court judge ordered that petitioner be awarded one thousand two hundred ninety-four (1294) days (from July 21, 2007 through February 4, 2011) credit toward service of his state sentence. Id.

---

[2] J. Scott Farr ("Farr") submitted an affidavit in support of respondent's motion for summary judgment. Farr is employed by the BOP as a Management Analyst at the Designation and Sentence Computation Center. Farr Aff. ¶ 1.

2

On September 13, 2011, petitioner was released from his state sentence and transferred to the custody of the United States Marshal Service so that he may serve his thirty-six (36) month federal sentence. Id. ¶ 11. The Federal Bureau of Prisons ("BOP") subsequently conducted an independent calculation of petitioner's sentence. Id. ¶ 12. As part of petitioner's sentence computation, the BOP considered whether petitioner was entitled to a *nunc pro tunc* designation pursuant to Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990). Id. ¶ 16. In the course of its review, the BOP contacted the United States District Court for the Western District of North Carolina for a recommendation on a retroactive concurrent designation for petitioner's federal sentence. Id. ¶¶ 16-17. The sentencing court did not respond. Id. ¶ 17. After reviewing petitioner's case, the BOP denied his request for a *nunc pro tunc* designation. Id. ¶ 17, attach 11. Accordingly, the BOP construed petitioner's federal sentence to be consecutive to his North Carolina state sentence, and commenced petitioner's federal sentence on September 13, 2011, the date he was released from state custody. Id. ¶ 12. Petitioner is scheduled to be released from BOP custody on April 24, 2014. Id. ¶ 18.

On April 16, 2012, petitioner filed this action pursuant to 28 U.S.C. § 2241. In his petition, petitioner alleges the BOP incorrectly calculated his sentence and that it erred when it denied his *nunc pro tunc* designation request.

Petitioner subsequently filed a motion for an order to show cause. On August 23, 2012, respondent filed a motion for summary judgment, arguing that petitioner's action is without merit. The matter was fully briefed. Petitioner then filed a motion to appoint counsel, a motion to dismiss respondent's reply, and a petition for a writ of mandamus.

3

**DISCUSSION**

A.  Motion to Appoint Counsel

There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." At this point, the court does not perceive issues of great legal complexity, and therefore the interests of justice do not mandate the appointment of counsel. Accordingly, petitioner's motion is DENIED.

B.  Motion to Strike Reply

Petitioner requests that this court strike respondent's reply brief. Local Civil Rule 7.1(f) allows a party to file a reply within fourteen (14) days after service of the response, unless otherwise ordered by the court. E.D.N.C. Local Civil Rule 7.1(f). Although respondent's reply brief was not timely filed, the court ALLOWS respondent's reply, and petitioner's motion to strike is DENIED.

C.  Motion for Summary Judgment

1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

4

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.  Analysis

    a.  Federal Sentence Calculation

Petitioner argues that he is being held unlawfully past the expiration of his federal sentence. A pivotal issue in this case is the date on which petitioner's federal sentence commenced.

A term of imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentences at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the [BOP] agrees to designate the state facility for service of the federal sentence." United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998).

Although, in this case, petitioner's federal sentence was imposed before his state sentence, he was not received at a federal correctional facility to begin serving his federal sentence until September 13, 2011. Additionally, the State of North Carolina retained primary jurisdiction over petitioner during the service of his state sentence.[3] See 18 U.S.C. § 3585(a); Trowell, 135 F. App'x at 594 n.2. Significantly, the time that petitioner spent on loan, pursuant to a writ of habeas corpus

---

[3] Primary jurisdiction over a person generally is determined by which sovereign, state or federal, first obtains custody of, or arrests, the person. Trowell v. Beeler, 135 F. App'x 590, *2 n.2 (4thCir. May 19, 2005). Primary jurisdiction continues until the first sovereign relinquishes its priority in some way. Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail; 2) dismissal of charges; 3) parole; or 4) expiration of sentence. See United States v. Cole, 416 F.3d 894, 896-897 (8th Cir. 2005); United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980); McCollough v. O'Brien, No. 7:06-CV-712, 2007 WL 2029308, *1 (W.D. Va. July 10, 2007). In this case, the State of North Carolina obtained primary jurisdiction over petitioner on July 22, 2007, when he was arrested by state authorities. Petitioner remained in state custody until September 13, 2011, when he was released from his state sentence. When petitioner was released from his state sentence, the state released its primary jurisdiction over petitioner.

5

*ad prosequendum*, to federal authorities does not serve to interrupt the state's custody over an inmate.[4] See United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (quotation omitted) (alterations omitted) ("A writ of habeas corpus *ad prosequendum*, issued to bring a prisoner to his own trial, works as a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute . . . ."); Evans, 159 F.3d at 912 ("Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on the satisfaction of the state obligation."); Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991) (stating that producing state prisoner under writ of habeas corpus *ad prosequendum* does not relinquish state custody). Similarly, the fact that the United States Marshal filed a detainer with respect to petitioner's federal charges does not affect the state's jurisdiction. See Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992) (a "detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law."); Williams v. Atkinson, No. 0:11-2057-TMC-PJG, 2012 WL 1968931, at *4 (D.S.C. May 9, 2012). Based upon the foregoing, petitioner's federal sentence commenced on September 13, 2011, the date he was received into federal custody after completing his state sentence.

---

[4] The court notes that petitioner relies upon the decision in Luther v. Vanyur, 14 F. Supp. 2d 773 (E.D.N.C. 1997), for his contention that his federal sentence began when he was transferred to federal custody, on March 24, 2008, for his appearance in federal court. Petitioner asserts that his transfer to federal custody constituted an illegal interruption of the service of his state sentence. However, petitioner's action is distinguishable from Luther in that the defendant in Luther was actually received at the federal penitentiary and spent over three years in federal custody. Id. at 778. Additionally, the transfer in Luther was "much more complete and final than a transfer pursuant to a writ of habeas corpus *ad prosequendum*." Id.

Case 5:12-hc-02096-FL   Document 16   Filed 03/19/13   Page 6 of 10

b.  Sentence Credit

Petitioner received prior custody credit toward his state sentence for the time period of July 22, 2007, the date of his initial arrest, through February 4, 2011, the date his state sentence was imposed. A petitioner cannot, however, receive credit on a term of imprisonment that already has been awarded on another sentence. See 18 U.S.C. § 3585(b); Dais v. La Manna, No. 9:05-2797, 2006 WL 2642604, *6 (D.S.C. Sept. 13, 2006), aff'd, 224 F. App'x 292 (4th Cir. Apr. 24, 2007). Thus, petitioner is not entitled to the application of prior custody credit, toward his federal sentence, for this time period.

c.  Retroactive Designation

Petitioner seeks review of the BOP's rejection of his request to designate, *nunc pro tunc*, the state facility where he served his state sentence as the place for service of his federal sentence. The United States Supreme Court in Setser v. United States, 132 S.Ct. 1463 (2012), recently discussed the federal sentencing court's authority to order its sentence consecutive to or concurrently with an anticipated future sentence. The Setser Court determined that a federal district court has the discretion to order that a criminal defendant's sentence run consecutively to an anticipated but yet-to-be-imposed state sentence. See Id. at 1468. Specifically, the Court in Setser found that where a state judge imposed a concurrent sentence after a federal judge imposed a consecutive sentence, the BOP was not bound by the state court sentencing decision.[5] Id. at 1471-73. Although the Court in Setser did not address situations like the instant action where the federal

---

[5] The court notes that the district court in Setser "imposed a 151-month sentence to run consecutively to any state sentence imposed for the probation violation, but concurrently with any state sentence imposed on the new drug charge. While Setser's federal appeal was pending, the state court sentenced him to 5 years for the probation violation and 10 years for the drug charge, but ordered the sentences to be served concurrently." Id. at 1464.

7

sentencing court is silent on the issue, other courts post-Setser have denied habeas challenges to the BOP's refusal to make *nunc pro tunc* designation pursuant to § 3621(b) under similar circumstances. See Loveless v. Ziegler, 2012 WL 3614315, at *4 (S.D.W. Va. Aug. 21, 2012) (denying § 2241 petition challenging denial of *nunc pro tunc* designation where state sentence was ordered to run concurrent with the federal sentence, but the federal sentence was silent as to whether it should run concurrent); Heddings v. Garcia, No. 11-1346, 2012 WL 3186477, at *2 (10th Cir. Aug. 7, 2012) (finding BOP did not abuse its discretion where federal court stated, post-judgment, that it was "absolutely opposed" to concurrent service of the petitioner's federal and state sentences, and where the BOP also relied on the nature of the offenses and the presumption of consecutive sentences in 18 U.S.C. § 3584(a)); Newman v. Cozza-Rhodes, No. 11-CV-03262, 2012 WL 1931551, at *4-5 (D. Colo. May 29, 2012) (denying § 2241 petition challenging BOP's denial of *nunc pro tunc* designation where federal judgment and federal sentencing court were silent on the issue). Thus, the court finds that the federal sentencing court had the discretion to impose a consecutive sentence.

The court now turns to the BOP's refusal to grant petitioner *nunc pro tunc* designation. The BOP " may designate any available penal or correctional facility that meets minimum standards of health and habitability . . ., whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted." 18 U.S.C. §3621(b); see Setser, 132 S.Ct. at 1473. When the BOP *nunc pro tunc* designates an inmate's prior facility of state custody as the place of federal custody, the time served in state custody is credited against the time he must serve on his federal sentence. See Trowell, 135 F. App'x at 593. The *nunc pro tunc* designation essentially has the effect of causing the state and federal sentences to run

Case 5:12-hc-02096-FL   Document 16   Filed 03/19/13   Page 8 of 10

concurrently. See id. Although the BOP has the statutory authority to designate a state facility as a place to serve a federal sentence pursuant to § 3621, the Setser Court stated that this authority does not give the BOP the authority to make a determination as to whether two sentences run concurrent or consecutive. Setser, 132 S.Ct. at 1470; Brown v. Zych, No. 7:11-cv-605, 2012 WL 5386339, at * 5 (W.D. Va. Nov. 1, 2012). Rather, the such a determination lies with the federal sentencing court. Id.

In evaluating an inmate's request for a *nunc pro tunc* designation, the BOP must "take[] into account all applicable factors in [18 U.S.C. §] 3621(b)." Trowell, 135 F. App'x at 596. These factors include:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement made by the court that imposed the sentence–

  (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
  (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). If, in making its determination on *nunc pro tunc* status, the BOP conducted an individualized review and analyzed the five factors prescribed by 18 U.S.C. § 3621, then habeas corpus relief from the BOP's decision is unavailable. See Nale v. Stansberry, No. 1:08-CV-823, 2009 WL 1321507 at *4 (E.D. Va. May 11, 2009).

In this case, petitioner has not demonstrated that the BOP denied his request for *nunc pro tunc* designation arbitrarily. Rather, the evidence presented by the respondent reflects that the BOP

denied petitioner's request after conducting an individualized review and analyzing the five factors. In particular, the BOP based its denial upon the nature and circumstances of petitioner's offenses, the history and characteristics of the prisoner. Additionally, the BOP sent petitioner's federal sentencing judge a letter regarding petitioner's request for *nunc pro tunc* designation, and the federal sentencing court did not respond. Farr Aff. ¶ 17.

Based upon the foregoing, it is apparent that the BOP's analysis of petitioner's request for *nunc pro tunc* designation was based upon an individual review, consideration of the five statutory factors, and consideration of the federal sentencing court's determination on the issue. Accordingly, the BOP did not abuse its discretion in denying petitioner's request for *nunc pro tunc* designation, and respondent is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 6) is GRANTED. Because the court denied petitioner's petition, the court DENIES as moot petitioner's motion for an order to show cause (DE # 3). The court also DENIES petitioner's motion to appoint counsel (DE # 13) and motion "to dismiss respondent's reply" (DE # 14). Because the court has adjudicated this action, petitioner's petition for a writ of mandamus (DE # 15) requesting immediate ruling is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 19TH day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge